UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS AND PLASTERERS HEALTH AND WELFARE TRUST FUNDS, et al.,<br><br>Plaintiff,<br><br>v.<br><br>PCS CEMENT FINISHING, INC.,<br><br>Defendant. | Case No. C01-5261RJB<br><br>ORDER DENYING MOTION FOR ORDER AMENDING DEFAULT JUDGMENT |

This matter comes before the court on plaintiff's Motion and Declaration for Order Amending Default Judgment (Dkt. 22). The court is familiar with the records and files herein. For the following reasons, the motion should be denied:

(1) The motion was not noted for consideration as required by Western District of Washington Local Civil Rules 7(b)(1).

(2) No proposed order accompanied the motion as required by Western District of Washington Local Civil Rule 7(b)(1). The proposed Amended Default Judgment, attached to the motion, did not purport to rule on the Motion, and did not comply with the aforementioned rule.

ORDER DENYING MOTION FOR ORDER AMENDING DEFAULT JUDGMENT - 1

(3) No legal authorization for modification of the Default Judgment, entered herein on April 15, 2003 (Dkt. 21), was offered by counsel. The motion for order amending that judgment is not timely under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b), and no basis for an amendment based on Fed. R. Civ. P. 60(a) is shown. The error in the original judgment does not appear to be a "clerical mistake," but rather an error by counsel.

(4) The declaration that was part of the Motion and Declaration for Order Amending Default Judgment (Dkt. 22) referred in paragraph 4 to "the attached affidavits of Don A. Curtis and Jeffrey M. Abrams, Certified Public Accountants of Lockitch, Clements & Rice, P.S." Such affidavits were not attached to the Motion and Declaration. A reference in the Declaration may have referred to affidavits attached to the original Motion and Affidavit for Default Judgment, filed on March 24, 2003 (Dkt. 20), but the identification of the affidavits in Docket 22 was not sufficient for the court to be sure that the earlier-filed affidavits were the same ones that counsel intended to attach to Docket 22.

(The court understands that, when advised by court staff that the referenced affidavits were not attached, counsel, incredibly, asked court staff to find the affidavits in the file. If that is true, it is not an appropriate response to court staff that is attempting to assist counsel in correcting an error.)

(5) There is no basis shown for the fees requested: "A reasonable attorneys' fee for work done to date [September 21, 2005] is $1,000." No record of time spent, hourly charges, or other considerations found in Kerr v. Screen Extras Guild, 526 F.2d 67 (9th Cir 1975), and RPC 1.5 are offered, and in light of the apparent errors of counsel, there is simply no basis for the court fix any certain attorney's fee.

ORDER DENYING MOTION FOR ORDER AMENDING DEFAULT JUDGMENT - 2

(6) Similarly, no basis is shown for "costs" requested. There is no clear differentiation between taxable costs and expenses of litigation. Further, the court notes that in the original Motion and Affidavit for Default Judgment (Dkt. 20), the filing fee was listed as "$260.00" while in the plaintiff's Motion and Declaration for Order Amending Default Judgment (Dkt. 22), the filing fee was listed as "$150.00." Furthermore, there is no itemization of "service and miscellaneous fees" or "audit fee." Under the circumstances described above, the showing is not sufficient to justify such awards.

For the foregoing reasons, the Motion and Declaration for Order Amending Default Judgment (Dkt. 22) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 3RD day of October, 2005.

_____
Robert J. Bryan
United States District Judge

ORDER DENYING MOTION FOR ORDER AMENDING DEFAULT JUDGMENT - 3